**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WYATT THOMPSON and CHARLETTE THOMPSON, Husband and Wife, | CIVIL ACTION NO. 3:11-CV-568 |
| Plaintiffs, | |
| v. | (JUDGE CAPUTO) |
| NATIONAL MENTOR HEALTHCARE LLC, d/b/a/ PENNSYLVANIA MENTOR, | |
| Defendant. | |

### **MEMORANDUM**

Presently before the Court is the defendant's notice of removal. (Doc. 1.) Because the notice of removal fails to establish that this Court has subject matter jurisdiction over the action, it will be remanded unless the defendant can show that diversity jurisdiction is proper.

### **I. Background**

The defendant removed this action from the Monroe County Court of Common Pleas. The notice of removal states that the plaintiffs are "residents" o Pennsylvania, and the defendant "is organized pursuant to the laws of Delaware with its principal place of business in [Massachusetts]."

### **II. Analysis**

"It is an elementary principle that federal courts are courts of limited jurisdiction, empowered to hear cases only as provided for under Article III of the Constitution and congressional enactments pursuant thereto." *Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.*, 905 F.2d 42, 45 (3d Cir. 1990) (citing *Bender v. Williamsport Area Sch. Dist.*,

1

475 U.S. 534, 541 (1986)). Federal courts have an obligation to address concerns over subject matter jurisdiction *sua sponte*. *Id.*

Under 28 U.S.C. § 1441, a civil action brought in state court may be removed by the defendant to federal district court whenever a district court would have original jurisdiction over the action. Under 28 U.S.C. § 1332, the diversity jurisdiction statute, the district courts have original jurisdiction of civil actions "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . [or] citizens of different States and in which citizens or subjects of a foreign state are additional parties."

Complete diversity must exist between the adverse parties in the action; that is, the citizenship of each plaintiff must be diverse from that of each defendant. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365 (1978), 373–74 (1978). Diversity of citizenship is determined at the time the action is filed. *See Freeport-McMoran Inc. v. K.N. Energy Inc.*, 498 U.S. 426, 428 (1991).

For purposes of diversity jurisdiction, a natural person is deemed to be a citizen of the state where he is domiciled. *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 182 (3d Cir. 2008) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)). To be domiciled in a state, a person must reside there and intend to remain indefinitely. *Krasnov v. Dinan*, 465 F.2d 1298, 1300–01 (3d Cir. 1972). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must . . . be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

By contrast, a corporation may have more than one state of citizenship: "a corporation

shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation may only have *one* principal place of business, and proper invocation of diversity jurisdiction requires that the plaintiff allege where a corporation has *"its* principal place of business." *See S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (affirming the district court's dismissal of a complaint alleging where the plaintiff corporation maintained "*a* principal place of business," rather than "*its* principal place of business"). A corporation's principal place of business is its "nerve center," that is, the place "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp.*, 130 S. Ct. at 1192.

Unlike corporations, unincorporated associations (such as limited liability companies) are not considered "citizens" for diversity purposes. *Swiger*, 540 F.3d at 182. Instead, courts look to the citizenship of all the partners or members in determining whether diversity jurisdiction exists. *Id.* (citing *Chapman v. Barney*, 129 U.S. 677, 682 (1889) (other citations omitted)). Thus, to properly invoke diversity jurisdiction, the citizenship of all the partners or members of an unincorporated association must be shown to be diverse from the citizenship of the opposing party or parties. *Id.*

Properly alleging diversity jurisdiction does not require extended allegations. Form 7 in the Appendix of Forms of the Federal Rules of Civil Procedure provides examples of properly invoking diversity-of-citizenship jurisdiction. This form instructs that one may simply state, for example, that "the plaintiff is a citizen of Michigan," and that "[t]he defendant is a corporation incorporated under the laws of New York with its principal place of business in

3

New York."

The defendant bears the burden of establishing federal jurisdiction in a removal case. *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Removal statutes are to be strictly construed and all doubts are to be resolved in favor of remand. *See Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

Here, the notice of removal is inadequate because it fails to allege the citizenship of any of the parties. The plaintiffs are alleged to "reside" in Pennsylvania, but for diversity to exist, they must be "citizens" of Pennsylvania.

As for the defendant, it is not alleged to be a corporation, in which case its being organized pursuant to Delaware law and its principal place of business is irrelevant. The caption describes the defendant as a limited liability company; if this is the case the citizenship of all of its members must be properly alleged so that the Court can determine whether diversity jurisdiction exists.

If the defendant can show that diversity-of-citizenship jurisdiction exists, thereby saving removal, it will be permitted to do so pursuant to 28 U.S.C. § 1653. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 204 (3d Cir. 2003) (noting that Section 1653 gives district courts "the power to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts.").

### III. Conclusion

The notice of removal fails to show the existence of subject matter jurisdiction. The defendant will be given an opportunity to amend its notice of removal if it can show that diversity-of-citizenship jurisdiction exists. The defendant will be given fourteen (14) days in

4

which to file an amended notice of removal. Failure to do so will result in this action being remanded to state court.  An appropriate order follows.


April 4, 2011                               /s/ A. Richard Caputo
Date                                        A. Richard Caputo
                                            United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| WYATT THOMPSON and CHARLETTE THOMPSON, Husband and Wife,<br><br>    Plaintiffs,<br><br>          v.<br><br>NATIONAL MENTOR HEALTHCARE LLC, d/b/a/ PENNSYLVANIA MENTOR,<br><br>    Defendant. | NO. 3:11-CV-586<br><br>(JUDGE CAPUTO) |

## **ORDER**

**NOW**, this 4th day of April, 2011, **IT IS HEREBY ORDERED** that the defendant is given leave to file an amended notice of removal within fourteen (14) days from the date of this order. If the defendant fails to do so, the action will be remanded to state court.

                                                                /s/ A. Richard Caputo
                                                                A. Richard Caputo
                                                                United States District Judge